UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BARTHOLOMEW COHEN,**<br><br>    Plaintiff,<br><br>    v.<br><br>**MERCANTILE ADJUSTMENT BUREAU, LLC,**<br><br>    Defendant. | Civ. No. 21-16977 (KM) (JSA)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

In August 2021, plaintiff Bartholomew Cohen received a letter from Defendant Mercantile Adjustment Bureau that sought to resolve a $12,013.10 debt originally owed to Regional Acceptance Corporation ("Regional"). The following month, Plaintiff filed this suit, claiming that he owed no debt to either Defendant or Regional and that Defendant's efforts to collect on that debt violated multiple provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 to 1692p.

Now before the Court is Defendant's motion to dismiss Counts 2 and 3 of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (DE 6).[1] For the following reasons, the motion to dismiss Counts 2 and 3 is **GRANTED**.

---

[1] Certain citations to the record are abbreviated as follows:

"DE" refers to the docket entry numbers in this case

"Compl." refers to Plaintiff's Complaint. (DE 1.)

"Mot." refers to Defendant's brief in support of its partial motion to dismiss. (DE 6-1.)

"Op." refers to Plaintiff's memorandum of law in opposition to Defendant's motion to dismiss. (DE 8.)

"Reply" refers to Defendant's reply brief in support of its partial motion to dismiss. (DE 9.)

I. **BACKGROUND**

The debt animating this dispute was supposedly owed to Regional, went into default, and was subsequently acquired by Defendant, though the dates of these events are not pleaded. (Compl. ¶¶ 15, 22-23.). Plaintiff denies ever owing money to Regional but alleges that he received a letter from Defendant stating that he had an account with Regional that was "listed with [Defendant's] office for collection" and had a balance due of $12,013.10. (Compl. ¶¶ 16-20, 24-25, 30; DE 1-1.) The letter, dated August 4, 2021, stated that Defendant would accept payment of $6,007 by September 18, 2021, to resolve the debt. (Compl. ¶ 30; DE 1-1.) The letter also listed a phone number and mailing address for Defendant and indicated that if Plaintiff disputed the debt within 30 days, Defendant would "obtain verification of the debt" and mail him a copy. (DE 1-1.)

On September 15, 2021, Plaintiff filed his Complaint, alleging multiple violations of the FDCPA, specifically that (1) Defendant's communications with a third-party vendor regarding the debt violated 15 U.S.C. § 1692c(b) and § 1692f ("Count 1");[2] (2) Defendant's statement that Plaintiff owed $12,013.10, despite Plaintiff's claim that he owes no such amount, violated 15 U.S.C. § 1692g ("Count 2"); and (3) Defendant's statement that Plaintiff owed the alleged debt constituted "a false, deceptive, and/or misleading representation" in violation of 15 U.S.C. § 1692e ("Count 3"). (Comp. ¶¶ 52-104.)

---

[2] Plaintiff alleges that the letter he received was sent by a third-party vendor employed by Defendant and that Defendant thus necessarily conveyed confidential information concerning the debt and Plaintiff's status as a debtor to this vendor in violation of the FDCPA. (Compl. ¶¶ 26-27, 31-32.) Plaintiff additionally brings this suit as a class action, seeking to certify a class of "[a]ll consumers where Defendant sent information concerning the consumer's debt to a third-party vendor without obtaining the prior consent of the consumer." (Comp. ¶¶ 105-11.) Because Count 1 and the associated attempt at certifying a class action are not implicated by Defendant's current motion to dismiss, I do not analyze them here.

On November 17, 2021, Defendant filed the partial motion to dismiss now before the Court, seeking the dismissal of Counts 2 and 3 pursuant to Fed. R. Civ. P. 12(b)(6). (Mot. at 1-3.)

## II. DISCUSSION AND ANALYSIS

### A. Standard of Review

Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). On such a motion, the well-pleaded factual allegations of the complaint must be taken as true, with all reasonable inferences drawn in plaintiff's favor. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of [her] 'entitlement to relief requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to plead "a short and plain statement of the claim showing that the pleader is entitled to relief"). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, demonstrating that it is "plausible on its face." *See Twombly*, 550 U.S. at 570; *see also Umland v. PLANCO Fin. Servs.*, Inc., 542 F.3d 59, 64 (3d Cir.2008). This entails "plead[ing] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.* at 678. Stated differently, in reviewing the well-pleaded factual allegations and assuming their veracity, this Court must "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

### B. Claims Under the Fair Debt Collection Practices Act

The FDCPA is a consumer protection statute that "imposes open-ended prohibitions on, inter alia, false, deceptive or unfair" debt-collection practices. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 587, 130 S.Ct. 1605 (2010). To state a claim under the FDCPA, a plaintiff must allege that: "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). Here, Defendant does not appear to contest the first three elements, but argues that Plaintiff has failed to plausibly allege the fourth element, *i.e.,* that its efforts to collect the debt violated either 15 U.S.C. § 1692g or § 1692e. (Mot. at 1-2, 5-6, 10.)

To determine whether a particular practice or action violates the FDCPA, courts routinely apply the "least sophisticated debtor" standard. *Brown v. Card Serv. Ctr.,* 464 F.3d 450, 453 (3d Cir. 2006). "Although the least sophisticated debtor standard is lower than the standard of a reasonable debtor, it preserves a quotient of reasonableness and presumes a basic level of understanding and willingness to read with care." *Jensen v. Pressler & Pressler,* 791 F.3d 413, 418 (3d Cir. 2015) (internal citations and quotations omitted). Still, the standard is not a high one, and it "gives effect to the Act's intent to protect the gullible as well as the shrewd." *Jensen*, 791 F.3d at 418 (internal citations and quotations omitted).

The least sophisticated debtor standard is objective, "meaning that the specific plaintiff need not prove that she was actually confused or misled, only that the objective least sophisticated debtor would be." *Id.* at 419. "[W]hether the least sophisticated debtor would be misled by a particular communication is a question of law that may be resolved in a Rule 12(b)(6) motion." *Smith v. Lyons, Doughty & Veldhuius, P.C.,* No. CIV.A. 07-5139, 2008 WL 2885887, at *3 (D.N.J. July 23, 2008); *see also Wilson v. Quadramed Corp.*, 225 F.3d 350,

353 n.2 (3d Cir. 2000), as amended (Sept. 7, 2000) ([W]hether language in a collection letter contradicts or overshadows the validation notice is a question of law").

### 1. Plaintiff's Claim Pursuant to 15 U.S.C. § 1692g (Count 2)

The FDCPA requires that debt collection letters include, among other things, "the amount of the debt," 15 U.S.C. § 1692g(a)(1), and "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). Here, Plaintiff claims that Defendant violated these requirements by sending Plaintiff a debt collection letter regarding a debt that Plaintiff "did not owe at all."[3] (*See* Compl. ¶¶ 90-93; Op. at 4.) Defendant, arguing that Plaintiff's claim is premised on a lack of information about the debt's current creditor, maintains that Plaintiff's ignorance of the debt's chain of title does not demonstrate that an FDCPA violation occurred. (Mot. at 5-9.) In this, to be sure, Defendant appears to mischaracterize Plaintiff's argument as Plaintiff does not predicate his claims on the debt's chain of title but rather disclaims the debt entirely. Nonetheless, and for reasons apart from those offered by Defendant, I agree that Plaintiff has failed to state a claim under § 1692g.

Among its provisions, § 1692g states that a debt collection letter must state that the letter's recipient can dispute the debt by notifying the creditor in writing within 30 days of the letter's receipt. *See* 15 U.S.C. § 1692g(a)(3)-(5).

---

[3] Defendant's debt collection letter might also be characterized as a settlement offer, given that it stated Defendant would accept $6,007 in repayment for a $12,013.10 debt. (*See* DE 1-1.) Determining whether Plaintiff has plausibly pleaded a violation of the FDCPA does not, however, turn on this distinction. In *Tatis v. Allied Interstate, LLC,* the Third Circuit found that offers to settle a time-barred debt may constitute an FDCPA violation where the settlement offer misleadingly implies that the debt was legally enforceable in the first place. 882 F.3d 422, 428-30 (3d Cir. 2018); *see also Blair v. Fed. Pac. Credit Co., LLC*, No. CV204100KMJBC, 2021 WL 4398665, at *6 (D.N.J. Sept. 27, 2021). Here too, the FDCPA violations alleged by Plaintiff are based on the allegation that the statements in the letter, including the settlement offer, falsely or misleadingly implied that Plaintiff was indebted to Defendant. As in *Tatis*, I analyze whether an FDCPA violation occurred by reading Defendant's letter "in its entirety" and assessing how the letter "as a whole" would influence the least sophisticated debtor. *See id.* at 430.

Moreover, when the debtor notifies the creditor of the dispute, "a debt collector must 'cease collection' until it 'obtains verification of the debt' and mails a copy to the debtor." *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1036 (2019) (quoting 15 U.S.C. § 1692g(b)); *see also Moyer v. Patenaude & Felix, A.P.C.*, 991 F.3d 466, 471 (3d Cir. 2021) ("A debt collector violates [15 U.S.C. § 1692g(b)] if the contents of the letter cause the least sophisticated debtor to be 'confused or mislead' as to her 'rights to dispute or seek validation of the debt.'") (quoting *Wilson*, 225 F.3d at 353)). These "debt validation provisions of section 1692g were included by Congress to guarantee that consumers would receive adequate notice of their rights under the law." *Wilson*, 225 F.3d at 354.

Defendant's letter conforms to these requirements and states that Plaintiff has 30 days to dispute the debt or obtain verification of the debt. Now it is true that a violation of § 1692g may arise from "a written communication containing language which demanded payment within a time period less than the statutory thirty-day period and the demand was communicated in a format that emphasized the duty to make payment and obscured the fact that the debtor had thirty days to dispute the debt". *Wilson*, 225 F.3d at 359. Here, however, the offer of settlement itself is set to expire after the 30-day time period that Plaintiff has to contest the debt and the paragraph of Defendant's letter notifying Plaintiff of his rights is clearly printed below the letter's signature. (*See* DE 1-1.) Plaintiff does not allege that he ever exercised those rights to verify or contest the debt prior to the filing of this complaint.

I find that Defendant's letter would apprise the least sophisticated debtor of the essentials outlined by the FDCPA: the alleged debt's amount, the entity to which it is allegedly owed, and the right to contest and obtain verification of the alleged debt.[4] *See Campuzano-Burgos v. Midland Credit Mgmt.*, Inc., 550 F.3d 294, 299 (3d Cir. 2008) ("Although established to ease the lot of the naive,

---

[4]     Had Plaintiff disputed the debt in the method outlined by § 1692g as disclosed by Defendant's letter, Defendant would have been required to obtain documentary verification of the debt and supply it to Plaintiff, potentially resolving the question of whether Plaintiff truly owes the debt in question.

the standard does not go so far as to provide solace to the willfully blind or non-observant. Even the least sophisticated debtor is bound to read collection notices in their entirety."); *see also, e.g., Saldana v. Resurgent Capital Services, LP*, 2021 WL 3758080 No. 220CV01879BRMESK, 2021 WL 3758080, at *6-7 (D.N.J. Aug. 25, 2021) (finding that the requirements of § 1692g were satisfied "because the Letter unambiguously conveys notice as to the amount of the debt allegedly owed" and as to the creditor to whom it was owed).

Whether or not Plaintiff is in fact indebted to Defendant, the FDCPA claim fails because the letter complied with the requirements of § 1692g to notify Plaintiff of his rights. Accordingly, I will grant Defendant's motion to dismiss Count 2 of the Complaint.

### 2. Plaintiff's Claim Pursuant to 15 U.S.C. § 1692e (Count 3)

Section 1692e states that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." The section includes a non-exhaustive list of prohibited practices, including (as relevant here) making false representations as to "the character, amount, or legal status of any debt," § 1692e(2)(A), and using "any false representation or deceptive means to collect or attempt to collect any debt," § 1692e(10). Section 1692e contains an additional materiality requirement, but it "is simply a corollary of the well-established 'least sophisticated debtor' standard." *Jensen*, 791 F.3d at 418. "[A] statement in a communication is material if it is capable of influencing the decision of the least sophisticated debtor." *Id.* at 421. That "materiality requirement, correctly applied, effectuates the purpose of the FDCPA by precluding only claims based on hypertechnical misstatements under § 1692e that would not affect the actions of even the least sophisticated debtor." *Id.* at 421-22.

Plaintiff argues that Defendant's statement that he owed a $12,013.10 debt was false and thus violated § 1692e(2)(A) and § 1692e(10). (Compl. ¶¶ 95-104; Reply at 5-6.) As before, Defendant presses a flimsy and largely irrelevant argument that Plaintiff has failed to show "that the purported failure to identify

7

the current creditor" was material. (Mot. at 9-10.) As described below, I find that Plaintiff has indeed failed to state a claim under § 1692e, albeit not for the reasons offered by Defendant.

Plaintiff has not plausibly alleged a violation of § 1692e because he fails to provide any factual detail to support his claim that he owes no debt to either Defendant or Regional. Now of course, a purported debtor who literally is a stranger to the creditor might have little to offer in the way of facts. Still, a sufficient allegation must speak in something other than legal conclusions or generalities. Thus a hypothetical plaintiff might state forthrightly that he never dealt with this creditor, or that the notice was addressed to the wrong person, that he never received or has already paid his bill, that the goods purchased were not delivered in satisfactory condition, or some such. The question of whether a person is indebted to another is ultimately one of law, concerning the legal obligation of one party to another. *See Rosenberg v. Frontline Asset Strategies, LLC*, 556 F. Supp. 3d 157, 161 (E.D.N.Y. 2021); *see also, e.g. Rogers v. LVNV Funding, LLC*, No. 21-CV-796 (ENV), 2021 WL 7906549, at *3 (E.D.N.Y. Oct. 18, 2021) ("Whether someone owes a debt to someone else is ultimately a question of law. That determination will be based on facts, but the facts that plaintiff Rosenberg has alleged do not plausibly support her legal conclusion."). Simply to allege that Plaintiff "did not owe" the debt (Compl. ¶ 17) is precisely the sort of evasion by pleading legal conclusions that is prohibited by *Twombly* and *Iqbal. See Iqbal*, 556 U.S. at 678-79.

That defect in the complaint is only reinforced by the fact that plaintiff did not comply with the procedure outlined in both Defendant's letter and in § 1692g for obtaining a verification of the debt. Even the least sophisticated debtor is expected to read communications to him in full and to understand their plain meaning. The FDCPA is not a guarantee against all mistaken billing; it is an antifraud statute. A letter stating an amount purportedly owed, giving the opportunity to contest it, and offering to verify it on request is not, on its face, necessarily fraudulent. Something more is required in the way of factual

allegations. Of course, this is the sort of defect that is easily remedied by additional and amended allegations, if such facts exist.

In short, I cannot find that Plaintiff has plausibly alleged factually that either (1) he owes no debt to Defendant; or (2) that Defendant's letter contains materially false, deceptive, or misleading statements. I will grant Defendant's motion to dismiss Count 3 of Plaintiff's Complaint.

### III. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss Counts 2 and 3 of Plaintiff's complaint is **GRANTED**.

A separate order will issue.

Dated: May 18, 2022

/s/ Kevin McNulty

**Hon. Kevin McNulty**
**United States District Judge**

9